Carlos J. Cuevas, Esq.
Attorney for Plaintiff
Yonkers Islamic Center, Inc.
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------------------X

In re                                                                                   Chapter 11

BYRON B. COLEMAN,                                              Case No. 22-35576(CGM)

                         Debtor.

------------------------------------------------------------------X

YONKERS ISLAMIC CENTER, INC.,

                         Plaintiff,

-against-                                                                          Adv. Pro. No.

BYRON B. COLEMAN,

                         Defendant.

------------------------------------------------------------------X

## COMPLAINT TO DETERMINE DISCHAREABILITY OF DEBT

Yonkers Islamic Center, Inc. ("YIC") by its attorney, Carlos J. Cuevas, Esq., for its

Complaint against Byron B. Coleman respectfully represents:

## INTRODUCTION

1.      On September 12, 2022, Defendant Coleman filed a Chapter 7 petition.

2.      Marianne O'Toole, Esq. is the interim Chapter 7 Trustee.

1

## PARTIES, JURISDICTION AND VENUE

3. YIC is a New York not-for-profit corporation located at 100 Riverdale Avenue, Yonkers, New York 10701.

4. Upon information and belief, Defendant Coleman resides at 8 Crown Boulevard, Newburgh, New York 12250.

5. This adversary proceeding is commenced pursuant to Bankruptcy Code Sections 105(a), 523(a)(2)(A), 523(a)(4) and 523(a)(6) and Federal Rule of Bankruptcy Procedure 7001(6).

6. This adversary proceeding arises in the Chapter 7 case, Case No. 22-35576(CGM), United States Bankruptcy Court for the Southern District of New York, Poughkeepsie Division.

7. This Court has jurisdiction over this adversary proceeding pursuant to Judicial Code Section 157(b)(2)(I)[28 U.S.C. § 157(b)(2)(I)].

8. This adversary proceeding is a "core proceeding" pursuant to Judicial Code Section 157(b)(2)(I)[28 U.S.C. § 157(b)(2)(I)].

9. Venue is proper in this District pursuant to Judicial Code Section 1408 [28 U.S.C. § 1408].

## COUNT I
(Non-Dischargeability Pursuant to Bankruptcy Code Section 523(a)(2)(A)-Fraud)

10. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 9 of this Complaint.

11. On or about April 10, 1996, YIC was formed. YIC conducts religious services and

promotes the understanding of the Islamic religion in lower Westchester. YIC's members are primarily lower income individuals.

12. Pursuant to a bequest, YIC became the fee owner of 188 Warburton Avenue, Yonkers, New York (the "Property"). On May 28, 2014 YIC sold the Property for the purchase price of $364,000.00.

13. On or about June 24, 2015, Defendant Coleman was appointed to YIC Board of Directors. On or about June 24, 2015, Defendant Coleman was also appointed as the Treasurer of YIC.

14. On August 16, 2017, Imam Adamu of YIC was notified by J.P. Morgan Chase Bank ("Chase") that $360,000 was withdrawn from YIC's bank account. Imam Adamu immediately called Chase to cancel the transfer because the YIC Board had not authorized the $360,000 transfer. Chase notified Imam Adams that Defendant Coleman improperly withdrew the $360,000.00 from YIC's Chase bank account.

15. During YIC's investigation, Imam Adamu discovered that Defendant Coleman was responsible for misappropriating $364,000.00 from YIC's Chase bank account.

16. Through a background investigation initiated after Defendant Coleman misappropriated the $364,000.00, Imam Adamu discovered that Defendant Coleman was a convicted felon and had served jail time for drug and burglary convictions.

17. Prior to being appointed to the Board of Directors and prior to being appointed as the Treasurer of YIC, Defendant Coleman concealed from YIC's Board of Directors he is a convicted felon.

18. The fact that Defendant Coleman was a convicted felon should have been disclosed to the

YIC Board of Directors.

19. If the YIC's Board of Directors knew that Defendant Coleman was a convicted felon it never would have appointed him as either a Director or Treasurer of YIC.

20. Defendant Coleman made false representations to the YIC Board of Directors that he would safeguard YIC's assets.

21. Defendant Coleman intentionally and willfully promoted the image that he was honest and trustworthy, and therefore, he had the integrity to serve as a Director and Treasurer of YIC. Defendant Coleman created a misleading picture of his character and background to the YIC Board of Directors to become a Director and Treasurer of YIC.

22. Defendant Coleman wrongfully induced YIC to appoint him as a Director and Treasurer that enabled him to have access to YIC's Chase bank account.

23. Upon information and belief, Defendant Coleman acted with fraudulent intent when he misappropriated the $364,000.00 from YIP.

24. YIC justifiably relied upon Defendant Coleman's representations. As a religious institution, YIC was mislead by Defendant Coleman into believing that he also shared the values and beliefs of the Islam and YIC., and he would not steal money from a mosque.

25. Defendant Coleman has misappropriated $364,000.00 from YIC. Therefore, YIC has suffered damages in the amount of $364,000.00.

26. YIC is entitled to a judgment that its claim for $364,000.00 against Defendant Coleman is non-dischargeable.

27. By reason of the foregoing, pursuant to Bankruptcy Code Section 523(a)(2)(A), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of

$364,000.00 is non-dischargeable.

## COUNT II

(Non-Dischargeability Pursuant to Bankruptcy Code Section 523(a)(4)
-Fraud or Defalcation While Acting in a Fiduciary Capacity)

28. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 27 of this Complaint.

29. On August 16, 2017, Defendant Coleman was a Director and Treasurer of YIC. On August 16, 2017, Defendant Coleman was a fiduciary of YIC.

30. Defendant Coleman breached his fiduciary duty to YIC by misappropriating $364,000.00 from YIC's Chase bank account.

31. Upon information and belief, Defendant Coleman acted with fraudulent intent when he misappropriated $364,000.00 from YIP Chase bank account.

32. YIC is entitled to a judgment that its claim for $364,000.00 against Defendant Coleman is non-dischargeable.

33. By reason of the foregoing, pursuant to Bankruptcy Code Section 523(a)(4), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of $364,000.00 is non-dischargeable.

## COUNT III
(Non-Dischargeability Pursuant to Bankruptcy Code Section 523(a)(4)-Embezzlement)
-
34. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 33 of this Complaint.

35. As the Treasurer of YIC, Defendant Coleman was a signatory on the YIC Chase bank account.

36. Defendant Coleman withdrew $364,000.00 from the YIC Chase bank account for use other that was entrusted to him.

37. Defendant Coleman acted with fraudulent intent when he misappropriated the $364,000.00 from the YIC Chase bank account.

38. YIC is entitled to a judgment that its claim for $364,000.00 against Defendant Coleman is non-dischargeable.

39. By reason of the foregoing, pursuant to Bankruptcy Code Section 523(a)(4), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of $364,000.00 is non-dischargeable.

**COUNT IV**
(Non-Dischargeability Pursuant to Bankruptcy Code Section 523(a)(6)-Conversion)

40. The Plaintiff repeats each and every allegation contained in Paragraphs 1 through 39 of this Complaint.

41. Defendant Coleman committed conversion by misappropriating $364,000.00 belonging to YIC.

42. Defendant Coleman acted willfully by intentionally misappropriating $364,000.00 belonging to YIC. Defendant Coleman misappropriation of $364,000.00 was done with malicious intent to injure YIC.

43. Defendant Coleman acted maliciously because his actions in misappropriating $364,000.00 belonging to YIC was wrongful and without just cause or excuse.

44. YIC is entitled to a judgment that its claim for $364,000.00 against Defendant Coleman is non-dischargeable.

45. By reason of the foregoing, pursuant to Bankruptcy Code Section 523(a)(6), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of $364,000.00 is non-dischargeable.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

A) As to Count I, pursuant to Bankruptcy Code Section 523(a)(2)(A), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of $364,000.00 is non-dischargeable;

B) As to Count II, pursuant to Bankruptcy Code Section 523(a)(4), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of $364,000.00 is non-dischargeable;

C) As to Count III, pursuant to Bankruptcy Code Section 523(a)(4), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of $364,000.00 is non-dischargeable;

D) As to Count IV, pursuant to Bankruptcy Code Section 523(a)(6), Plaintiff Yonkers Islamic Center, Inc. is entitled to a judgment declaring that its claim of $364,000.00 is non-dischargeable;

E) the costs of this adversary proceeding; and

F) such other and further relief as this Court deems just and equitable.

Dated: Yonkers, New York
      October 4, 2022

                                      CARLOS J. CUEVAS, ESQ.
                                      Attorney for Plaintiff
                                      YONKERS ISLAMIC CENTER, INC.

                                      By:*/s/ Carlos J. Cuevas*
                                          Carlos J. Cuevas
                                          1250 Central Park Avenue
                                          Yonkers, New York 10704
                                          Tel. No. 914.964.7060
                                          Email ccuevas576@aol.com